**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL D. EVANS,

    Petitioner,

v.                                                         Case No. 06-CV-13660

LINDA METRISH,

    Respondent.
                                             /

**OPINION AND ORDER DENYING ANY RELIEF REQUESTED IN
PETITIONER'S JUNE 24, 2008 LETTER**

On May 30, 2008, the court entered an order denying Petitioner Michael D. Evans's petition for a writ of habeas corpus and entered a judgment against him. Copies of the order and judgment were sent to the Hiawatha Correctional Facility, the address on the docket that was provided by Petitioner. The court's staff, however, noticed that Petitioner was no longer being housed at Hiawatha, but was instead listed on the electronic prisoner database at the community corrections center in Detroit, Michigan. Thus, in an attempt to ensure delivery of the May 30, 2008 order and judgment to Petitioner, the court's staff sent additional copies of the order and judgment to the address in Detroit.

Shortly thereafter, Petitioner telephoned the court's chambers. When the court's case manager explained where she had sent the copies of the order and judgment, Petitioner complained that the Hiawatha address was not his current address. The case manager explained that it was Petitioner's responsibility to update the court's docket with a notice of change of address. Nonetheless, as a courtesy, the court's staff sent

yet another copy of the order and judgment to the address orally provided by Petitioner. About a week later, Petitioner filed a notice of change of address. He also submitted a June 24, 2008 letter to this court, which has been filed on the docket. In the letter, he complains that he was denied due process because he did not timely receive a copy of the May 30, 2008 order and judgment. He also complains that the May 30 order is "flawed."

To the extent Petitioner's letter requests any form of relief from this court, his requests are denied. First, the court does not rule on mere letters. Even *pro se* litigants must comply with the applicable rules, including the rule which requires that requests be submitted in the form of motions accompanied by briefs. *See* E.D. Mich. LR 7.1(c). Moreover, to the extent that Petitioner objects to the court sending orders to the incorrect address, it is Petitioner's responsibility to update the court with current addresses. The court has no way of knowing a litigant's mailing address except by checking the address provided by the litigant and filed on the docket. Any problems arising from a failure of service is directly attributable to Petitioner's failure to update the docket.[1] Accordingly,

---

[1] The court notes, however, that neither of the two copies originally sent by the court's staff on May 30, 2008 were returned as undeliverable. This fact, coupled with the timing of Petitioner's telephone call about a week or so later, suggest to the court that Petitioner in fact did receive a copy of the order and judgment.

IT IS ORDERED that any requests found within Petitioner's June 24, 2008 letter are DENIED.[2]

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 6, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-13660.EVANS.changeofaddress.wpd

---

[2]The court does not interpret Petitioner's letter as a motion for reconsideration. Even if so interpreted, it would be denied as untimely and for failing to identify a palpable defect by which the court has been misled. *See* E.D. Mich. LR 7.1(g).